UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARILDA MARGJONI,

     Plaintiff,

CASE NO. _____

v.

MARY ELLEN BRANNEKY and GEICO
GENERAL INSURANCE COMPANY,

     Defendants.

_____/

## DEFENDANT'S, GEICO GENERAL INSURANCE COMPANY, NOTICE OF REMOVAL

Defendant, GEICO GENERAL INSURANCE COMPANY (hereinafter "Geico"), by and through the undersigned counsel, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446(b), hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 2020-CA-000460-08-G and styled *Arilda Margjoni vs. Mary Ellen Branneky and Geico General Insurance Company.* In support of this Notice of Removal, the following is stated:

1. Plaintiff filed a Complaint in State Court in Seminole County on February 25, 2020 against Geico and Co-Defendant Mary Ellen Branneky (hereinafter "Branneky"). The case stated in the Complaint was not removable due to the lack of diversity of citizenship between the parties. Specifically, both Plaintiff and Branneky were citizens of the State of Florida.  There is only complete diversity where "no plaintiff is a citizen of the

same state as any defendant." *Travaglio v. Am. Expresss Co.,* 735 F.3d 1266, 1268 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

2.      The Plaintiff, ARILDA MARGJONI, at all times material hereto, including at the time of filing her Complaint in Seminole County, Florida, as well as at the time of this Removal, was a citizen of the State of Florida.  Plaintiff's Complaint asserts Plaintiff is "a natural person residing in Gainesville, Alachua County, Florida." Plaintiff's Verified Answers to Defendant Geico's First Set of Interrogatories, attached as **Exhibit "A,"** reveal Plaintiff has lived continuously in Florida since 2017. There is no evidence Plaintiff has any intention to reside in any state other than Florida.

3.      The Complaint alleges Branneky "is a natural person residing in Seminole County, Florida." Defendant was not in possession of any evidence that Branneky was a citizen of any state other than Florida.  Branneky's Answers to Plaintiff's Interrogatories, attached as **Exhibit "B,"** reveal Branneky has lived continuously in Florida since 2003.

4.      In order for this Court to have original jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Thus, when the Complaint was filed, the case was not removable.

5.      A corporation is a citizen of both the state in which it is incorporated and the state in which the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Defendant, Geico, at all times material hereto, including at the time of filing the Complaint, and at the time of this Removal, was and is a foreign company incorporated in the State of Maryland and with its principal place of business in the State of Maryland.  Plaintiff does not challenge Geico's non-Florida citizenship as the Complaint

2

alleges Geico is a "foreign profit corporation with its principal address located at 5260 Western Avenue, Chevy Chase, Maryland."

6.      On October 21, 2020, Plaintiff voluntarily dismissed Branneky from the case with prejudice. Since Branneky is no longer a party to the case, there is now complete diversity of citizenship between the interested parties to this cause as Plaintiff is a citizen of Florida and Geico is a citizen of Maryland.  The voluntarily dismissal was filed on October 21, 2020. Therefore, this Notice of Removal is timely filed within the thirty (30) day statutory period for removal pursuant to 28 U.S.C. §1446(b)(3).  The case caption in state court was not amended to remove Branneky following the dismissal.

7.      There has been no waiver by the Defendant of its right to remove this cause. "[A] waiver of the right to remove is possible only where the defendant's intent to waive is clear and unequivocal . . . ." *Estevez-Gonzalez v. Kraft, Inc.*, 606 F.Supp. 127, 128-29. (S.D. Fla. 1985).

8.      Plaintiff's Complaint alleges damages "that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00)," but did not provide any information related to medical expenses or injuries beyond the allegation that Plaintiff "was hurt in and about his extremities, experienced pain and suffering, incurred medical expenses for the treatment of bodily injuries, suffered physical handicap, disability, disfigurement, significant scarring, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and loss of ability to earn money, both in the past and in the future." Thus, Plaintiff's Complaint lacks sufficient evidence to show the case meets the requisite amount in controversy of $75,000.00.

9.     "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Dewitte v. Foremost Insurance Co.*, 171 F.Supp.3d 1288 (M.D. Fla. 2016).

10.     Plaintiff's Complaint alleges Branneky is an uninsured/underinsured motorist and Plaintiff is entitled to uninsured motorist benefits under a policy of automobile insurance issued to the Plaintiff. At the time of the subject accident, Branneky was insured under automobile insurance policy issued by USAA with bodily injury liability limits of $300,000.00 per person/$500,000.00 per accident as well as an umbrella policy with USAA with $1,000,000.00 in coverage. A declarations page and statement of liability insurance are attached as **Exhibit "C."** Thus, to be entitled to uninsured motorist benefits under the Geico policy, Plaintiff's damages would need to be in excess of $1,300,000.00.

11.     Plaintiff is alleging post-accident medical expenses in the amount of $25,200.61. *See* Plaintiff's Verified Answers to Defendant Geico's First Set of Interrogatories, # 14, attached as **Exhibit "A."** Additionally, as part of a settlement demand made to Geico, Plaintiff's counsel produced a "Future Care Analysis" for the Plaintiff with a future ongoing cost of care of $292,474.00 to $371,758.00 minimum. A

copy of the "Future Care Analysis" as **Exhibit "D."** Thus, between past and future medical expenses, Plaintiff is alleging, at a minimum, $317,674.61.

12.     It is clear based on the allegations in the Complaint, in conjunction with the Plaintiff's past medical expenses and alleged future medical expenses, that Plaintiff is seeking damages against Geico which exceed the requisite amount in controversy of $75,000.00. Therefore, even if Plaintiff did not specifically allege $75,000.00 in the Complaint, subject matter jurisdiction is clearly vested in this Court.

13.     Since the Plaintiff and Geico are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.  As such, this removal action is proper.

14.     Venue is proper in the Orlando Division of the Middle District of Florida. Pursuant to M.D.L.R. 1.02(b)(3), this case has been filed in State Court in Orange County. Therefore, the Orlando Division is the proper Court for removal of this case.

15.     Defendant Geico has filed with the Clerk of the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C.A. § 1446(d). A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as **Exhibit "E."**

16.     There following motions are pending in the State Court action:

a.  Plaintiff's Objections to Defendant's Amended Notice of Compulsory Examination filed on November 3, 2020;

b.  Plaintiff's Objection to Defendant's Notice of Non-Party Production filed on October 15, 2020;

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 -  (321) 972-0000 (321) 972-0099 FAX

  c. Plaintiff's Motion for Sanctions filed on October 14, 2020; and,

  d. Defendant's Motion for Protective Order filed on September 1, 2020

17. Pursuant to 28 USC § 1446(a) and Local Rules, a copy of all process, pleadings, orders, and other papers or exhibits of every kind in the State Court Action are being filed herewith in **Composite Exhibit "F**."

18. The undersigned counsel represents and is authorized to represent that the Defendant, GEICO GENERAL INSURANCE COMPANY, consents to the removal of this action. The undersigned counsel is Attorney of Record for the Defendant, GEICO GENERAL INSURANCE COMPANY, and has been specifically authorized to act on behalf of the Defendant in seeking Removal of this cause to the United States District Court, Middle District of Florida, Orlando Division.  Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

19. The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

20. Accompanying this Notice of Removal is a Civil Cover Sheet as well as the required filing fee.

WHEREFORE, the Defendant, GEICO GENERAL INSURANCE COMPANY, respectfully removes this action from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted on this 6th day of November, 2020

**COLE, SCOTT & KISSANE, P.A.**

TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record:  Ady A. Goss, Esq. and Ryan Rudd, Esq., Morgan & Morgan, agoss@forthepeople.com; rrudd@forthepeople.com; ckittel@forthepeople.com, 20 N. Orange Avenue, suite 1600, Orlando, FL 32801, (407) 420-1414/(407) 204-2208 (F), Attorney for Plaintiff, IGLI DOSTI.


By: _____
RYAN S. SAWYER
Trial Counsel
FBN:  98110
JEANETTE CASTILLO
FBN:  1016150
COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant GEICO GENERAL
INSURANCE COMPANY
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0065
Facsimile (321) 972-0099
Primary e-mail: ryan.sawyer@csklegal.com
Secondary e-mail: jeanette.castillo@csklegal.com
Alternate e-mail: darlene.dallas@csklegal.com

[SIGNATURE ON THE FOLLOWING PAGE]

By: _____

RYAN S. SAWYER
Trial Counsel
FBN: 98110
JEANETTE CASTILLO
FBN: 1016150
COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant GEICO GENERAL
INSURANCE COMPANY
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0065
Facsimile (321) 972-0099
Primary e-mail: ryan.sawyer@csklegal.com
Secondary e-mail: jeanette.castillo@csklegal.com
Alternate e-mail: darlene.dallas@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX